UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROTIMI ODOLE,**

        Plaintiff,

v.                                   **Case No. 16-cv-118-pp**

**KENOSHA COUNTY DETENTION CENTER
HEALTH DEPARTMENT,
UNKNOWN DENTIST,
UNKNOWN ICE DEPT OFFICIAL, and
JOHN AND JANE DOES, #1-10,**

        Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT**

---

      The plaintiff, a *pro se* Immigration and Customs Enforcement ("ICE") detainee, filed a complaint alleging that the defendants violated his civil rights at the Kenosha County Detention Center. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis* and screens the plaintiff's complaint.

**I.**     ***IN FORMA PAUPERIS* STATUS**

      A district court may authorize a plaintiff to proceed *in forma pauperis* (in other words, to proceed without pre-paying the filing fee) if the plaintiff submits an affidavit listing the assets he possesses, swearing that he is unable to pay the fees, and stating his belief that he is entitled to relief. 28 U.S.C. §1915(a).

1

The plaintiff has filed such an affidavit. Dkt. No. 2. He states that he is in ICE custody, is unemployed, has no property or assets, and has no money in his checking account. Id. Based on the plaintiff's affidavit, the court is satisfied that he has demonstrated that he is unable to pay the filing fee. The court will grant the plaintiff's motion to proceed *in forma pauperis*.

**II. SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT**

A.     Standard for Screening Complaints

The court is required to screen complaints brought by individuals proceeding *in forma pauperis*. 28 U.S.C. §1915(e)(2). The court may dismiss a case, or part of a case, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Indeed, allegations must "raise a right to relief above the speculative level."

2

Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Iqbal, 556 U.S. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not support by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In the context of a §1983 claim, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)(citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004). A suit seeking monetary damages under § 1983 also must allege that the defendants were personally involved in the constitutional deprivation. Matz v. Klotka, 769 F.3d 517, 527 (2014).

B. Facts Alleged in the Proposed Complaint

The plaintiff is an ICE detainee. Dkt. No. 1 at ¶9. He alleges that while he was in custody at the Kenosha County Detention Center, defendant Unknown Dentist "tried to take" tooth #32 from the plaintiff's mouth, even though there

3

was nothing wrong with the tooth. Id. at ¶2. This procedure harmed his gum, and Unknown Dentist did not give the plaintiff "anything" and "continued to make [the plaintiff] wait." Id. The plaintiff asserts that after four weeks of pain and suffering, he went to "the dentist, which or who extracted part of [his] #32 tooth and left part inside [his] mouth." Id. at ¶6. It is not clear from the complaint whether the plaintiff saw one dentist, or multiple dentists.

The plaintiff alleges that the procedure caused profuse bleeding, headaches and "deliberate torture." Id. at ¶3. He argues that he can't eat or talk, because the bleeding "smell[s] like a dead body." Id. at ¶4. He asserts that the pain and bleeding have prevented him from eating and speaking, and left him in excruciating pain, for weeks. Id. at ¶6. The plaintiff attempted to save evidence of his bleeding, but staff threw the evidence away. Id. at ¶7.

The plaintiff indicates that he notified Unknown ICE agent about the pain in his mouth. Id. at ¶5. Unknown ICE agent "always ha[d] a lame excuse," and did nothing to resolve the issue. Id. The plaintiff reports that he filed "a lot" of "urgent" medical requests and complaints. Id. at ¶ 8. As a result, the Kenosha County Detention Center Health Department finally arranged for the plaintiff to see Jane Doe registered nurse. Id. Jane Doe registered nurse stated that "they" had done all they could do for the plaintiff, id., and that the plaintiff should wait to finish his dental procedures after ICE released him from custody, Id. at ¶9. The plaintiff asserts that he remains in tremendous distress and pain, and cannot eat, sleep or talk. Id. at ¶10.

4

For relief, the plaintiff seeks: (1) compensatory damages, (2) punitive damages, (3) injunctive relief, and (4) whatever other remedy the court deems appropriate.

C.     Legal Analysis of Alleged Facts

The plaintiff asserts that the defendants violated his Eighth Amendment rights. The Eighth Amendment applies only to individuals that have been convicted and sentenced. Smith v. Dart, 803 F.3d 304, 309 (7th Cir. 2015). Because he is not awaiting trial or sentencing, the plaintiff's cause of action arises under the Fourteenth Amendment due process clause. Id. But the court uses Eighth Amendment case law as a guide in evaluating deliberate indifference claims that arise under the Fourteenth Amendment. Id. at 310-11.

To state an Eight Amendment claim, the plaintiff must allege that jail officials were "deliberately indifferent" to a substantial risk of serious harm to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 829, 834 (1994). Jail officials act with deliberate indifference when they know of a substantial risk of serious harm and either act or fail to act in disregard of that risk. Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). Inmates suffer a risk of a "serious harm" if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." Id.

The court finds that the plaintiff has alleged sufficient facts to allow him to proceed with Fourteenth Amendment claims against Unknown Dentist, Unknown ICE agent, and Jane Doe registered nurse. The plaintiff has alleged

that Unknown Dentist did not give him anything for the pain and bleeding, and made him wait. He has alleged that he notified Unknown ICE agent about the severe pain in his mouth from having half a tooth embedded in his gum, but that the agent always had an excuse or did nothing. During those weeks, the plaintiff could not eat, sleep, or talk. The plaintiff alleges that he filed "a lot" of urgent medical requests, which finally resulted in his seeing Jane Doe registered nurse. He alleges that she, too, did nothing and told him that he should wait until he was released to receive treatment. The plaintiff is still in severe pain. These allegations are enough to allow the plaintiff to proceed against these three defendants on claims that they were deliberately indifferent to his serious medical need.

Because the plaintiff does not know the proper names of Unknown Dentist, Unknown ICE agent, and Jane Doe registered nurse, the Seventh Circuit has stated that the court may "allow the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible[.]" Donald v. Cook Cnty. Sheriff's Dep't, 95 f.3d 548, 556 (7th Cir. 1996). Therefore, the court will order service of the complaint on Kenosha County Sheriff David G. Beth, who does not need to respond to the amended complaint at this time, but must notify the court when he has been served. At that time, the court will set deadlines for the plaintiff to conduct limited discovery to determine the proper names of the defendants. Once identified, the plaintiff shall file a motion seeking to substitute defendants' proper name for the placeholders, and, if appropriate, the court will

dismiss Sheriff Beth.

The court will not allow the plaintiff to proceed with his §1983 claim against the Kenosha County Detention Center Health Department. Section 1983 allows a plaintiff to sue a "person" who has violated his civil rights while acting under color of law. The Kenosha County Detention Center Health Department is not "person" within the meaning of §1983. See <u>Wagoner v. Lemmon</u>, 778 F.3d 586, 592 (7th Cir. 2015). Nor has the plaintiff alleged a policy, practice or custom sufficient to give rise to municipal liability under <u>Monell v. Dept. of Soc. Svcs.</u>, 436 U.S. 658 (1978). (And the KCDC Health Department would not be the appropriate defendant in a <u>Monell</u> claim.) The court will dismiss the KCDC Health Department as a defendant.

### III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **DISMISSES** defendant Kenosha County Detention Center Health Department.

The court **ORDERS** the Clerk of Court to add Kenosha County Sheriff David G. Beth as a defendant in the case for the limited purpose of responding to the plaintiff's discovery regarding the proper name of defendants Unknown Dentist, Unknown ICE agent, and Jane Doe registered nurse.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order upon Kenosha County Sheriff David G. Beth pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that

7

Congress requires the U.S. Marshal Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshal Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshal Service.

The court **ORDERS** Kenosha County Sheriff David G. Beth to notify the court once he has been served.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because the clerk's office will electronically scan each filing and enter it on the docket upon receipt, the plaintiff need not mail copies to the defendants. The court will serve all defendants electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court. The court also advises the plaintiff that failure to file documents on time may result in the dismissal of this case for failure to prosecute. In addition, the

8

parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will send a copy of this order to the Kenosha County Sheriff, as warden of the KCDC.

Dated in Milwaukee, Wisconsin this 27th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge